PARNELL W. SHARP v. THE STATE OF NEW JERSEY.

1. An indictment for procuring one to endorse accused's promissory note by false pretences, charged that one false pretence consisted in falsely stating that the property of the accused was not encumbered by any lien. *Held*, that this charge was not sustained by proof that, in response to a question as to his ownership of his property, the accused falsely stated that he did not owe a dollar to any man.

2. Upon the trial of the indictment the court directed the jury to convict if they believed the accused procured the endorsement by false representations, knowing that he could not fulfill the promise. *Held*, that

the charge was erroneous because it ignored two essentials of the crime-charged—(1) the intent to defraud and (2) knowledge of the falsity of the representation—and because it did not restrict the jury to the consideration of the particular false statement charged in the indictment..

---

On error to the Gloucester Quarter Sessions.

Argued at February Term, 1891, before BEASLEY, CHIEF-JUSTICE, and Justices DIXON, MAGIE and GARRISON.

For the plaintiff in error, *Austin H. Swackhamer.*

The opinion of the court was delivered by

MAGIE, J.   The plaintiff in error, Sharp, was convicted in the Gloucester Sessions upon an indictment charging him with having procured the endorsement of one Cunard upon his promissory note by false pretences and with intent to defraud.

Sharp, by this writ of error, seeks a reversal of the conviction, and has assigned numerous errors upon the record and proceedings.

Two of the assignments present such unmistakable error that it is plain that the judgment cannot stand.

In the first place, the false pretences charged in the indictment were not proved, and the court below, upon Sharp's request at the close of the case, ought to have directed an acquittal.

The indictment was drawn upon section 172 of the Crimes act.   *Rev., p.* 257.   It charged that Sharp, intending to cheat and defraud Cunard of his money, &c., by certain false pretences made to Cunard, procured him to endorse Sharp's note in order that it might be used as valuable security.   The false pretence was charged to be false statements that Sharp was the owner of property of large value, and that such property was not encumbered by any lien.

The only statements proved in support of these allegations of the indictment were made in a conversation between Cunard and Sharp, to which they alone testified.   Their testimony was contradictory.   Assuming Cunard's testimony to be true, what.

occurred was this: Cunard asked Sharp whether he owned his personal property, and Sharp replied, "I do not owe a dollar to any man." Cunard then asked Sharp what kind of a season he had had, and Sharp answered that he had made a "middling fair" season. Cunard declared that these representations induced him to endorse the note in question.

There was no proof of the charge that Sharp had stated that he was the owner of property of large value.

Nor did the conversation, as detailed by Cunard, suffice to prove the other charge, that Sharp stated that his property was not encumbered by any lien. The indictment charged a particular false pretence; it will not be supported by proof of a general statement, though the latter be false. There was, therefore, a substantial variance between the allegations and the proof.

There was no effort made to amend the indictment to conform to the proof. Assuming there was power to amend, it is clear that no amendment should have been made; for the facts shown leave no room for doubt that, if Sharp did represent that he was not indebted, Cunard knew the contrary to be true and could not have been influenced by the statement.

In the next place, the charge to the jury was fatally defective. By it the jury were instructed that if they believed that Sharp obtained Cunard's signature to the note by false representations, knowing that he could not fulfill the promise, they should convict.

This instruction left out of view two essential ingredients of the crime charged, viz., the intent to defraud and knowledge of the falsity of the pretence charged. *State* v. *Blauvelt*, 9 *Vroom* 306. Moreover, it permitted the jury to convict upon any false representation proved to have been made, although that alleged in the indictment was not proved.

There are several other assignments which seem to point out fatal errors, but it is not deemed necessary to discuss them.

The judgment must be reversed.