WILLIAM FORSTER and Others v. BOARD OF COUNTY COMMISSION-
ERS OF WINONA COUNTY and Another.[1]

November 8, 1901.

Nos. 12,533—(5).

### County Road—Eminent Domain.

G. S. 1894, §§ 1883–1893, inclusive, as amended by Laws 1895, c. 47, providing for roads in more than one county, construed, and *held*, that the notices therein provided are not so inadequate as to bring the law within the constitutional prohibition preventing the taking of property without just compensation.

### Same—Two Judicial Districts—Posting Notice.

When such road runs in two judicial districts, notices of the presentation of the petition are required to be posted only in the judicial district wherein the petition was presented to the court.

### Same—Evidence.

Evidence examined, and *held*, that the trial court was justified in finding that the notices were properly posted.

[1] Reported in 87 N. W. 921.

**Report of Commissioners.**

> The filing of the report by the commissioners is in the nature of a complaint in a civil action, and all persons interested may appear at the date of confirmation, and be heard upon the merits as to the necessity, feasibility, and propriety of the road.

**Confirmation of Report.**

> *Held*, that at the hearing on confirmation the trial court passed upon the question of the necessity, feasibility, and propriety of the road.

**Same—Review on Appeal.**

> Whether or not the orders of confirmation in such a case may be reviewed by an appeal from a judgment entered in a trial upon the issue of damages is not decided.

William Forster, and others, residents and legal voters of Winona and Houston counties, having petitioned that a public road be laid out on a designated line running through said counties, the district court for Winona county granted the petition and appointed commissioners to locate the road and assess the damages and benefits. To the report of the commissioners, Lewis Lilly, whose land was affected by the road, filed objections. From an order of the district court for Winona county, Snow, J., confirming the report of the commissioners; from a judgment of the district court for Houston county entered upon a verdict after a trial before Kingsley, J., and a jury, on the question of damages; and from a joint order, Snow and Kingsley, JJ., supplementary to the order of confirmation, objector Lilly appealed. Judgment and orders affirmed.

*Brown, Abbott & Somsen*, for appellant.

*George T. Simpson*, County Attorney for Winona county, *O. K. Dahle*, County Attorney for Houston county, and *W. A. Finkelnburg*, for respondents.

LEWIS, J.

A petition was prepared and signed by legal voters of the counties of Winona, in the Third, and Houston, in the Tenth, judicial districts, praying that a public road be laid through certain portions of those counties. This petition was dated November 16, 1897, and on January 10, 1898, it was presented to the judge of

the Third judicial district, who that day appointed three commissioners, as provided by G. S. 1894, § 1883. On April 27, 1898, the commissioners presented their report to that court; and on May 2, 1898, the judge thereof ordered a hearing for May 21, 1898, when appellant, who was a resident of Houston county, but who owned land affected by the proposed road in both counties, appeared specially by counsel, and presented certain specific objections to the proceedings. By an order dated July 16, 1898, the court overruled these objections, whereupon appellant appeared by counsel in opposition to the confirmation of the commissioners' report upon the general ground that the line of the road was not the most feasible. The confirmation of the report having been considered, an order confirming it was made on December 27, 1898.

Appellant then made demand for a jury trial upon the question of damages, which trial occurred at the next term of the district court in Houston county, wherein appellant resided, and resulted in a judgment of $550 for appellant. This judgment was subsequently certified to the district court of Winona county, and a final order was made by the judges of the Third and Tenth judicial districts apportioning the damages and expenses, and ordering the supervisors of the various towns through which the road was to be constructed to proceed to open so much of it as lay in their respective towns. The contestant appealed from the original order of confirmation by the judge of the Third judicial district, from the judgment entered in Houston county, and also from the final order of the two judges.

The assignments of error present several important questions, but since we must decide the case upon its merits, adversely to appellant, we will assume that the appeal from the judgment brings before this court all the orders in connection with the proceeding, and reserve for a future time the consideration and determination of that question.

1. Is the law under which the road was laid out unconstitutional for the reason that the notice provided to be given to parties interested is insufficient, and results in the taking of private property for a public use without just compensation? The only no-

tices provided by the statute are contained in G. S. 1894, § 1884, and refer simply to the presentation of the petition to the judge, which, according to that section, must be posted thirty days prior to the presentation in at least three of the most public places in said judicial district, and one of said notices shall be posted in each county seat of the counties through which the road prayed for is to pass. There is no provision for a meeting by the commissioners to consider the damages, or notice thereof to parties interested.

The statute provides (G. S. 1894, § 1887, as amended by Laws 1895, c. 47), that the commissioners shall make a report of all their proceedings at the term of the district court held in the county where such proceedings were commenced next after the completion of their duties, and any person feeling aggrieved by the action of the commissioners in laying out such road may appear and be heard on the report at such term of court. Appellant contends that the notices provided for by the statute are so inadequate and insufficient as not to amount to constructive notice to parties interested; that the entire proceeding might be conducted by the commissioners and their report filed without interested parties knowing anything about it.

There is much force in these objections and criticisms of the statute. The notice required is certainly meager, and would probably be considered inadequate by a legislature of this date. However we must take into consideration the fact that a judicial road laid out under such a statute would in all probability in itself be a matter of great publicity in the community through which it was to be laid, and would naturally be a matter of conversation between parties affected by it. The fact that the petition upon which such proceedings are founded must be signed by at least twenty freeholders in each county through which the road passes would give the matter notoriety, because its circulation for the procurement of signatures would in itself advertise the proposition. The filing of the commissioners' report in the court where the proceedings were commenced is in the nature of the filing of a complaint in a civil action, and is predicated upon the theory

that parties interested have already become notified of the nature of the proceeding.

This law has been upon the statute books of this state for more than thirty years, and has received a practical construction by the courts of this state during all this time. Many roads have been laid out under it, and its constitutionality has never before been attacked in this court. We are therefore constrained to hold that although the notice is not what it should be, and that interested parties may in some instances fail to receive actual notice of the proceedings, yet, all things considered, the law is not in violation of the constitutional prohibition.

2. Appellant claims that the notice provided by section 1884 was not given: First, because the copies were not posted in three of the most public places in the Tenth judicial district; and, second, because it appears from the order of the court appointing the commissioners that only one notice was actually posted, and that in the county seat of Houston county,—the village of Caledonia. Section 1884, when construed in connection with the preceding section, provides for the posting of the notices only in the judicial district wherein the petition was presented to the judge. It cannot be reasonably inferred that such petition should be posted in the other judicial district.

As to the proof of posting of these notices, the order of the court recites as follows:

"Whereas, notices of the presentation of said petition were duly posted at least thirty days prior to its presentation in at least three of the most public places in said Third judicial district, and also at the county seats of both Winona and Houston counties, as provided by law; due proof of such posting having been presented to this court and filed with the clerk thereof. * * *"

Counsel's argument is based upon the fact that only one affidavit of posting was filed in the office of the clerk of the court at the time the petition was presented to the judge, and that affidavit was one with reference to posting in the village of Caledonia. But the record discloses that on the dates of January 8, 10, and 22, respectively, three affidavits were made and sworn to concerning posting notices in the Third judicial district, and they

all show that the notices were posted in time, although it appears they were not filed in the office of the clerk of the court until November, 1898, long after the hearing. It would seem, therefore, that the court was mistaken in assuming in its order that proofs of the posting had been filed with the clerk. Perhaps they had been filed in connection with the petition, and had afterwards been removed therefrom and filed independently.

But it is a sufficient answer to the objection to state that the statute does not require affidavits of posting to be filed at the time of the presentation of the petition. It is enough if the notices were in fact posted in accordance with the statute, and it will be presumed that the court satisfied itself upon that point at the time of issuing the order appointing the commissioners.

3. It is claimed that the court erred, in that it did not consider the report of the commissioners upon its merits. It appears that at the hearing of this report appellant produced witnesses who gave evidence which tended to support the allegations contained in his objections to the report, which objections were directed mainly to the feasibility of the route. It must be conceded that appellant was entitled to a trial upon the issues thus made and to a consideration of the evidence presented at that time, and, if the court refused or failed to pass upon the issues so presented, it would be error. But appellant's argument on this point is based upon certain language found in the memorandum attached to the order of confirmation, from which it appears that the court deemed that the question of necessity, feasibility, and propriety of the road was one to be determined at the first hearing only, and that it did not have jurisdiction to consider and determine matters of that character at the time of passing upon the commissioners' report.

We are of the opinion that under the provisions of section 1887 any party feeling himself aggrieved may appear and be heard not only upon the question of damages, but upon any point touching the validity of the proceedings. However, it appears from the order itself that the court not only received evidence offered in support of appellant's objection, but that the same was fully con-

sidered and determined by it in making up the judgment, as embodied in the order of confirmation, which recites:

"Testimony of witnesses was thereupon taken in open court in support of said objections, representations, and reasons, on the one side, and opposition thereto on the other. * * * After due consideration of the premises, the testimony taken, and the argument of counsel, it is now ordered that the objections last made * * * hereby are each and all overruled."

Therefore from the order itself it appears that the court did receive and pass upon the evidence, notwithstanding its expressions of opinion that it should not have done so.

Judgment and orders affirmed.