# WALTER H. MONTGOMERY v. MINNEAPOLIS FIRE DEPARTMENT RELIEF ASSOCIATION.[1]

June 23, 1944.

No. 33,793.

[1]Reported in 15 N. W. (2d) 122.

*M. J. Timmons,* for appellant.

*Thomas Vennum* and *Norman L. Newhall, Jr.,* for respondent.

JULIUS J. OLSON, JUSTICE.

This was a suit under our declaratory judgments act. Plaintiff prevailed, and defendant appeals from the resulting judgment.

The facts are shown by the pleadings and may be thus summarized:

From August 4, 1912, until March 1, 1917, plaintiff was regularly employed as one of the firemen of the Minneapolis Fire Department. He severed his connection with it on March 1, 1917, and shortly thereafter, on May 29, entered army service in World War I, from which he was honorably discharged April 21, 1919. For a period of some nine years after his discharge he was engaged in private employment. From January 22, 1930, and until this suit was brought on August 13, 1943, he was constantly employed by the fire department as a regular fireman. During his entire employment there, both before and after his army service, he was a

regular dues-paying member·in good standing of defendant association. He is now past 53 years of age. If the time of his army service is added to his actual service time with the Minneapolis Fire Department he is entitled to receive a pension.

Defendant's assignments of error assert:

"The court erred [1] in assuming jurisdiction [of the cause] and [2] in granting the motion of plaintiff for judgment on the pleadings.

"The order, and judgment based thereon, is contrary to law and is a nullity."

If the court's assumption and exercise of jurisdiction are sustained, there can be no doubt that the granting of the motion for judgment on the pleadings is unassailable, since there is no conflict respecting the recited facts. The second paragraph is but a conclusion and obviously falls of its own weight if the court had jurisdiction of the parties and of the subject matter involved in the litigation.

■ Jurisdiction of the parties clearly appears, since plaintiff himself invoked the aid of the court and the defendant appeared generally by answering the complaint, alleging by way of avoidance:

"* * * Defendant contends that plaintiff does not qualify for a pension under the statutes and provisions quoted in the complaint herein and that the dispute is not such as the court can take cognizance of under the provisions of the Uniform Declaratory Judgment Act and that said dispute as yet involves no actual, genuine, live controversy the decision of which can definitely affect legal relations of the parties as they exist at the present time."

"A voluntary general appearance by a defendant is equivalent to a personal service of the summons upon him." 1 Dunnell, Dig. & Supp. § 476, and cases in note 12; *Id.* § 475, and cases in note 9.

■ This, then, leaves for consideration and determination as the only remaining question on the matter of jurisdiction whether the subject matter of the suit is a justiciable one and therefore within

the competence of the district court to hear and determine. Of course there is no doubt that our district court is one of general jurisdiction, having, under Minn. Const. art. 6, § 5, "jurisdiction in all civil cases, both in law and equity, where the amount in controversy exceeds one hundred dollars." Important to bear in mind also is the general purpose of the declaratory judgments act. As pointed out by Professor Borchard, in 18 Minn. L. Rev. 239, et seq.:

"The main characteristic of the declaratory judgment, which distinguishes it from other judgments, is the fact that, by the act authorizing it, courts are empowered to adjudicate upon disputed legal rights 'whether or not further relief is or could be claimed.'" The judgments to be entered are designed to (p. 240) "declare the existence of rights in doubt or uncertainty, rather than create new rights." The remedy afforded by that act is sometimes, so he points out (p. 243), "mistakenly characterized as if it were an extraordinary remedy, not to be employed where another remedy is available, a conclusion which cannot be too firmly repudiated as in conflict with the statutes and with the history and practice in England and the United States generally." Rather, it is (p. 242) "an alternative remedy" (p. 243), "another *established* remedy."

■ The declaratory judgments act is found in Minn. St. 1941, § 555.01, et seq. (Mason St. 1940 Supp. § 9455-1, et seq.). The first section, so far as here material, reads:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

Section 555.02 reads:

"Any person * * * whose rights, status, or other legal relations are affected by a statute, * * * may have determined any question of construction or validity arising under" a particular act "and obtain a declaration of rights, status, or other legal relations thereunder."

The court is not limited or restricted in the exercise of the broad

general powers conferred by § 555.01, since it is provided by § 555.05 that, "in any proceeding where declaratory relief is sought, in which judgment or decree will terminate the controversy or remove an uncertainty," the court's authority comes into play. Thus rights are settled and determined before disputes become serious or well-nigh irremediable. The act provides the machinery for the removal of (18 Minn. L. Rev. 246) "legal clouds which create peril, insecurity, fears, and doubts."

■ The statutory provisions coming into play in this case are *Id.* §§ 69.45 and 69.47 (Mason St. 1940 Supp. § 3750-21, and 1941 Supp. § 3750-23). Section 69.45 provides that a member of such association (as is defendant) "shall, after he [a fireman] has arrived at the age of 50 years or more" and has served in the department at least 20 years, "be entitled to a basic pension of not less than $50.00" per month. Section 69.47, as amended, provides:

"Any applicant for a service pension who, subsequent to his entry into the service of the fire department, has served in the military forces of the United States in any war * * * and returned, after his honorable discharge from such service, and resumed active duty in the fire department, the period of his absence in such service * * * shall be counted in computing the period of service provided for" by the act.

This section is the bone of counsel's contention in this litigation.

We think there is involved an important justiciable issue. Plaintiff's right to a pension and defendant's liability to pay arise under the provisions of § 69.47. The case is clearly one providing subject matter for judicial trial and determination and is therefore within the purview and purpose of the declaratory judgments act.

■ The statutory language upon which the case hinges appears to be perfectly plain. There is no ambiguity. Therefore, there is no room for construction, since "construction lies wholly in the domain of ambiguity." 6 Dunnell, Dig. & Supp. § 8938, and cases in notes 1 and 2. Then, too, the act is remedial in its plan and purpose. It is an expression of public policy by the lawmakers.

We are in duty bound to give full effect to the legislative purpose. So doing, the result reached below is clearly right.

The judgment is affirmed.