ARTHUR LEIGHTON v. CITY OF MINNEAPOLIS AND OTHERS.[1]

December 6, 1946.

No. 34,212.

[1]Reported in 25 N. W. (2d) 263.

*Walter P. Wolfe* and *Child & Child,* for appellant.

*R. S. Wiggin,* City Attorney, and *John F. Bonner* and *Carsten L. Jacobson,* Assistant City Attorneys, for respondent City of Minneapolis.

*Frank J. Williams* and *Edward J. Shannon,* Assistant County Attorneys, for respondents Al P. Erickson and George A. Totten, Jr., as County Auditor and County Treasurer of Hennepin County.

*Abbott L. Fletcher, Paul J. Thompson,* and *Howard I. Moore* filed a brief *amici curiae* on behalf of the Board of Park Commissioners of the City of Minneapolis.

LORING, CHIEF JUSTICE.

This action was brought against the city of Minneapolis and the auditor and treasurer of Hennepin county by a taxpayer and freeholder of the city, in behalf of himself and all others similarly situated, for a declaratory judgment to determine whether L. 1945, c. 351, violates Minn. Const. art. 4, §§ 33, 34, and 36. That chapter authorizes cities of the first class with a population of 450,000 or over, in addition to any tax authorized by law or charter, to levy an annual tax not exceeding five mills upon all the taxable prop

erty within the city for the sole purpose of the "care, conduct, management and operation of hospitals, dispensaries and clinics maintained by said city and for the furnishing by it of medical and dental service to the poor." The trial court sustained a demurrer to the complaint and denied plaintiff's motion for judgment on the pleadings. Plaintiff has appealed from the order sustaining the demurrer.

The questions presented by this appeal are:

(1) Is a proceeding for declaratory judgment available to plaintiff as a remedy?

(2) Is § 36 of art. 4 of the constitution exclusive in its provisions relating to the classification of cities by population, or is it permissive only, and may the legislature classify cities by other rates of population when such rates are germane to the classification adopted?

(3) If § 36 is not exclusive in that respect, is population germane to the classification adopted in L. 1945, c. 351?

■ The discussion in Montgomery v. Minneapolis Fire Dept. Relief Assn. 218 Minn. 27, 15 N. W. (2d) 122, disposes of defendants' contention that the uniform declaratory judgments statute, Minn. St. 1945, §§ 555.01 to 555.16,[2] is not available to plaintiff. The act is not an extraordinary remedy, but an alternative remedy where there is a justiciable issue, the decision upon which will terminate a controversy. There is such a controversy here, and the act applies.

■ Minn. Const. art. 4, reads in part as follows:

"Sec. 33. In all cases when a general law can be made applicable, no special law shall be enacted; and whether a general law could have been made applicable in any case is hereby declared a judicial question, and as such shall be judicially determined without regard to any legislative assertion on that subject. The legislature shall pass no local or special law regulating the affairs of, or incorporating, erecting or changing the lines of, any county, city,

[2]See, M. S. A. §§ 555.01 to 555.16, and cf. Mason St. 1940 Supp. §§ 9455-1 to 9455-16.

village, township, ward or school district, * * *. *Provided, however*, That the inhibitions of local or special laws in this section shall not be construed to prevent the passage of general laws on any of the subjects enumerated." (Adopted 1881; amended 1892.)

"Sec. 34. The legislature shall provide general laws for the transaction of any business that may be prohibited by section one (1) of this amendment, and all such laws shall be uniform in their operation throughout the State." (Adopted 1881.)

Section 36, so far as relevant to this controversy, reads as follows:

"Any city or village in this state may frame a charter for its own government as a city consistent with and subject to the laws of this state as follows: * * * The legislature may provide general laws relating to affairs of cities, the application of which may be limited to cities of over fifty thousand inhabitants, or to cities of fifty and not less than twenty thousand inhabitants, or to cities of twenty and not less than ten thousand inhabitants, or to cities of ten thousand inhabitants or less, which shall apply equally to all such cities of either class, and which shall be paramount while in force to the provisions relating to the same matter included in the local charter herein provided for. * * *" (Adopted 1896.)

Plaintiff contends that the provisions of § 36 are exclusive as to the powers of the legislature to classify cities by population and that by implication all other classifications of cities by population, though population may be germane to the subject matter, are prohibited by those provisions.

The power to tax and to classify for tax purposes is inherent in sovereignty and is a legislative function restrained only by constitutional restriction. Tax provisions in the constitution must not therefore be normally construed as grants of power but must be approached with a view to ascertaining what power the people, by constitutional restriction, intended to reserve in themselves. Lyons v. Spaeth, 220 Minn. 563, 20 N. W. (2d) 481, 162 A. L. R. 1041. In looking for the intent of a constitutional provision, we may look

to the history of the times and the state of things existing when the provision was framed and adopted to ascertain the mischief and the remedy sought. Home Bldg. & Loan Assn. v. Blaisdell, 290 U. S. 398, 54 S. Ct. 231, 78 L. ed. 413, 88 A. L. R. 1481; Reed v. Bjornson, 191 Minn. 254, 258, 253 N. W. 102, 104. This is particularly true where, as here, the claim is made that by implication the provision is restrictive.

Prior to the adoption of § 33, the legislature was besieged with applications for the enactment of special laws, many of them relative to municipalities, and that section was proposed and adopted, among other things, to relieve the legislature of the task of special legislation for the numerous municipalities of the state. Under §§ 33 and 34, the classification of cities by population for the enactment of general legislation was found difficult. State ex rel. City of Virginia v. County Board, 124 Minn. 126, 130, 144 N. W. 756, 757. The legislature accordingly found it expedient to ask the people for relief from the restrictions of §§ 33 and 34 by proposing § 36. That section was, early in its history, construed to permit the legislature to classify cities as therein provided, regardless of whether population was germane to the subject matter or purpose of the legislation. Alexander v. City of Duluth, 77 Minn. 445, 448, 80 N. W. 623, 624. In that case, the court, speaking through Mr. Chief Justice Start, said in commenting on § 36:

"* * * its object was to enable the legislature to make population a basis of classification, although there might not be any natural relation between the subject-matter of the proposed law and the number of people in the classified cities. We accordingly hold that the amendment authorizes the legislature to classify, for the purpose of general legislation, cities on the basis of population therein specified, although such basis would not have previously been germane to the purpose or subject-matter of the proposed law, but that other than this the provisions of sections 33 and 34 of article 4 are not affected by the amendment."

We therefore hold that the purpose of § 36 was to relieve the legislature of the difficulty of classifying cities by population in the

enactment of general legislation when applied to classifications named in the section. It permitted the legislature to pass general legislation for cities, as classified in § 36, regardless of whether population was germane to the subject matter of the act. In the sense that it relieved the legislature of restrictions previously imposed, it was a grant of power. It does not restrict the legislature to the classes of cities therein named. It may classify them by other rates of population when such classifications by population are germane to the subject matter or purpose of the enactment. It has the same power in that regard to enact general laws that it had prior to the adoption of § 36. Absent §§ 33 and 34, it would have resorted to special acts.

■ The question remains whether in L. 1945, c. 351, the classification of cities of 450,000 population and over is germane to the subject matter or purposes of the act. It is quite obvious to us that the problems confronting a city of 450,000 or over in regard to "care, conduct, management and operation of hospitals, dispensaries and clinics maintained by said city and for the furnishing by it of medical and dental service to the poor" may well have justified the legislature in placing such cities in a distinct class, making provision for additional funds to further such purposes. As populations increase, the expense of such services increases in greater proportion than does the value of taxable property. Industrialization of our larger cities no doubt accounts in great measure for this disproportionate increase in cost. The trial court in its very helpful memorandum said:

"Whether or not a legislative classification by population is reasonable and germane to the subject-matter depends largely on the facts which could have been known to or presumed by the legislature, cf. State v. Phillips, 176 Minn. 472 [223 N. W. 912]. The court, in the consideration of this fact question, has taken judicial notice that Minneapolis is the only city of the state having a population of 450,000 or more; that the density of its population is far greater than that of any other city in the state; that the rapid increase in its industrial population has brought a proportional

influx of marginal income workers and potential indigents; that this increase in the density of its population raises complicated problems of public health and relief and that these are further aggravated by the social and economic factor of underhousing; that with this increase in the density of its population has come a general shrinkage in its overall assessed values for purposes of taxation; and that these problems are substantially different from those of any other city of the state having a lesser population or density of population. In providing for the relief and care of the poor and indigent, the legislature is not bound to occupy the whole field. It may adopt the most practical method of dealing with the problem. It may include cities now or hereafter having a population of 450,000 or over, and exclude others whose need is less, cf. Eldred v. Division of Employment and Security, 209 Minn. 58 [295 N. W. 412]."

We are in full accord with that statement.

■ The fact that there is but one city in the state to which the act presently applies does not make the act special legislation. The act applies to all cities which reach a population of 450,000. State ex rel. Anderson v. Sullivan, 72 Minn. 126, 132, 75 N. W. 8, 9.

■ Nor is the argument tenable that there can be no distinction between such cities and ones with 10,000 less population. Determination of the point at which the legislature may draw the line in its classification lies within its wisdom so long as the distinction is not clearly arbitrary. As said by this court, speaking through Mr. Justice Mitchell, in the Anderson case (72 Minn. 132, 75 N. W. 9):

"* * * The subject of classification by population is so largely a matter of policy, and the considerations which enter into it are so numerous and complex, that the legislature must necessarily be allowed a large discretion in the matter; and the courts ought not to hold a statute invalid or special legislation unless it appears very clearly that the basis of classification adopted is purely arbitrary. We cannot say that there may not be some natural reason, founded on a difference in situation and circumstances, why

counties having over 185,000 inhabitants should be excluded from the class, as well as those having less than 100,000, or why counties having a population between those limits should not have different legislation in respect to salaries of county officers.

"If the basis of classification is proper, an act is general, although it operates only for one class of municipalities, and makes no provision as to those not falling within the class, or for those which, by reason of an increase or decrease of population, pass out of the class. In other words, a law providing for a proper class of municipalities is not lacking in generality because other correlated acts, relating to other classes, have not been enacted. State v. Borough of Clayton, 53 N. J. L. 277, 21 Atl. 1026." State ex rel. Douglas v. Ritt, 76 Minn. 531, 79 N. W. 535.

The order appealed from is affirmed.

[1]Reported in 25 N. W. (2d) 267.