VILLAGE OF OLD WESTBURY, Plaintiff, *v.* WALTER C. FOSTER, Defendant.

Supreme Court, Special Term, Nassau County, October 11, 1948.

*J. Oakey McKnight* and *Ward R. Burns* for plaintiff.

*Barnett Mackler* and *H. Bradley Moore* for defendant.

HOOLEY, J. The plaintiff, the incorporated Village of Old Westbury, seeks an injunction to restrain the defendant from carrying on a business in a portion of the village, zoned for residential purposes. The defendant is a professional dog handler. His principal occupation is that of showing pedigreed dogs at dog shows. As a part of his business, the defendant

receives dogs into his kennels, maintains them and conditions them for show purposes. He receives compensation therefor. In addition, he owns one or more male dogs which he uses at stud at his kennels, for which he also receives compensation. At the conclusion of the trial the court granted the motion of plaintiff to strike out the third, fourth, fifth and sixth separate defenses as insufficient in law, and for failure of proof. The only defenses remaining were the first defense which attacked the constitutionality of the ordinance as to which defense the court reserved decision, and the second defense which questioned the legality of the enactment and attacked the regularity of the proceedings taken preliminary to the adoption of the ordinance, as to which defense the court held that the ordinance was duly posted and published, but reserved decision upon the regularity of the preliminary steps taken.

The two questions to be decided are, first: whether the ordinance as applied to defendant's property is unreasonable and confiscatory and, therefore, unconstitutional, and second: whether or not the zoning commission appointed by the board of trustees complied with the provisions of section 179-a of the Village Law.

The Village of Old Westbury has apparently endeavored to maintain a somewhat rural atmosphere in the development of the village. Its zoning ordinance, section 302, prohibits the erection or alteration of any building to accommodate more than one family for each acre of land in the village. While Jericho Turnpike, upon which the property in question is located, is generally given over in part to business throughout its length, where it adjoins the village, the village for the most part is distinctly rural in aspect. A very small portion of the village, and that in the extreme southeasterly portion, is zoned for business. On the southerly side of Jericho Turnpike in the Village of Westbury, the area is likewise zoned for residential purposes and so used with but three exceptions. The property located along the Turnpike in Old Westbury is rather undeveloped for any purpose, but its character is mainly residential.

The only recent development in the vicinity has been residential in character. There is no appreciable demand among the residents of Old Westbury for the services of the defendant: most of his customers are nonresidents of the village.

If the authorities in the village desire to keep the village practically free from business, of course they may do so, unless the regulations imposed to carry out such purpose are unreason-

able, arbitrary or an unequal exercise of power. Even where such a determination on the part of the board of trustees is fairly debatable, it is the settled rule of law that the court will not substitute its judgment for that of the legislative body charged with the primary duty and responsibility of determining the question. (*Zahn* v. *Board of Public Works*, 274 U. S. 325; *Town of Islip* v. *Summers Coal & Lumber Co.*, 257 N. Y. 167.)

Depreciation in value of the property of an individual by reason of the restrictions placed upon it by the zoning regulations does not render the ordinance invalid. (*Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288; *Matter of Fox Meadows Estates, Inc.*, v. *Culley*, 233 App. Div. 250, affd. 261 N. Y. 506.) Nor does the fact that the property might be more profitably used for industrial or business purposes make the ordinance confiscatory and unconstitutional. (*Ulmer Park Realty Co.* v. *City of New York*, 270 App. Div. 1044, affd. 297 N. Y. 788; *Kraft* v. *Village of Hastings-on-Hudson*, 258 App. Div. 1060, affd. 285 N. Y. 639.)

The court finds upon the evidence before it that the zoning regulations in question are neither arbitrary, unreasonable nor confiscatory.

Turning now to the second question in the case, which concerns the regularity of the proceedings taken by the zoning commission and whether such proceedings were in conformity with section 179-a of the Village Law, the precise questions involved have to do with the notice of hearing by the zoning commission and whether such commission filed a preliminary and final report.

Section 179-a of the Village Law provides in part as follows: '' Such commission shall make a preliminary report and hold public hearings thereon before submitting its final report; and such board of trustees shall not hold its public hearings, or take action, until it has received the final report of such commission.''

It will be noted that public hearings are required procedure, but the statute does not prescribe what notice shall be given. The records of the village do not show that there are on file therein any affidavits of publication or posting, but the minutes of the board of trustees of April 19, 1926, contained the following: '' The meeting was called for the purpose of receiving the report and copy of the zoning ordinance from the zoning committee, who have had two public hearings April 15th and 17th.''

In the absence of a definite requirement of the Village Law as to what notice of the public hearings shall be given, the court

holds that the minutes of the board of trustees sufficiently show a compliance by the zoning commission with the statutory requirement for the holding of public hearings.

At the meeting of the board of trustees held on April 19, 1926, aforesaid, the minutes show that a resolution was adopted calling for a public hearing before the board of trustees on May 8th at five o'clock P.M. at the Old Westbury Post Office and directing that notice of the same be published two weeks in the *Roslyn News* which was designated as the official paper for the village.

The minutes of the meeting of the board of trustees held on May 8, 1926, show that on that date the public hearing was held by the board of trustees and that no objectors appeared at such meeting to protest against the proposed ordinance. Although notice of this hearing before the board of trustees was given as provided by the resolution of the board of trustees hereinbefore set forth, it is significant that no one appeared to raise any question as to the proposed ordinance or as to any lack of notice of the hearings before the zoning commission.

The defendant also urges a failure on the part of the zoning commission to render a preliminary report and a final report.

The only written report submitted by the zoning commission was a typewritten draft of the ordinance, which is identical with the ordinance as adopted. This draft was signed by all the members of the zoning commission. Attached to this draft was the original tracing of the zoning map and the draft of a proposed notice of hearing. As heretofore pointed out, the board of trustees held a meeting on May 8, 1926, at which the zoning resolution was adopted. The records of the village show that such ordinance, after passage, was duly published and posted as required by law. Treating the said draft of the zoning ordinance, signed by the zoning commission members, with map attached, as the final report of the commission, the next inquiry would be as to whether or not there was any preliminary report. That there was such a preliminary report is established because the statutory public hearings were upon this preliminary report. It is clear that the zoning commission was endeavoring to follow the procedure provided in section 179-a of the Village Law. That section is rather loose in its requirements. It does not even state whether the preliminary report shall be in writing. However, the minutes of the meeting of the board of trustees held on March 1, 1926, shows that at such meeting the village attorney presented a draft of a zoning

ordinance for consideration; this obviously was the preliminary report. The mere fact that such preliminary report and the final report heretofore referred to were not designated as such is not material.

It is to be remembered that we are dealing with a rural village in its early days when records were not kept with the faithfulness found in older villages. The ordinance has been in existence for twenty-two years and until now its legality has never been questioned. It is now questioned by the defendant who has acquired his property long after the date of the adoption of the ordinance and at a time when he knew that the area in question was regarded as restricted to residential purposes. The court finds that the ordinance in question was legally adopted, that all preliminary requirements in connection with its adoption have been complied with, and that the ordinance is now in full force and effect.

Judgment for plaintiff. No costs.