# DWIGHT E. CONNOR AND ANOTHER v. TOWNSHIP OF CHANHASSEN.

81 N. W. (2d) 789.

March 8, 1957—No. 36,953.

206

*Bowen & Bowen,* for appellant.
*John A. Fahey,* for respondents.

MURPHY, JUSTICE.

This is an appeal from a declaratory judgment action in which the plaintiffs, Dwight E. Connor and his wife, Gladys Z. Connor, sought to have the Zoning Ordinance for the Township of Chanhassen declared unconstitutional.

The plaintiffs own certain land in the township of Chanhassen upon which Mr. Connor operates a shop for sharpening lawn mowers and other types of general repair work. In 1952, the plaintiffs had to

destroy their building pursuant to condemnation proceedings commenced by the State of Minnesota to acquire a highway right-of-way. The zoning ordinance was passed in March 1952, and according to its terms, Mr. Connor's shop constituted a nonconforming use of the land. However, any lawful use of the land at the time the ordinance was adopted could be continued, even though it was a nonconforming use, as long as it was not extended to occupy a greater area of land, was not moved to another part of the land, or was not rebuilt after being 50 percent or more destroyed. M. S. A. 366.18. Mr. Connor petitioned the town board to rezone his premises as a business district. This petition was not granted but the board indicated that it would permit him to rebuild his shop and continue to operate it in the same manner as he had in the past. Mr. Connor did rebuild his shop and has been operating it ever since.

The zoning ordinance provided for the division of the township of Chanhassen into six districts, but the whole township was originally designated as a farm-residence district. After an amendment, this designation meant that land and buildings in the community could be used for (1) general farming or gardening; (2) commercial greenhouses and nurseries; (3) stands for the sale of agricultural products produced on the premises; (4) stockraising and dairying; (5) golf courses; (6) airports, cemeteries, and gun clubs; (7) one or two family dwellings; (8) public parks; (9) churches and schools; (10) colleges, libraries, or community buildings; and (11) offices of professional persons when located in the dwelling. After a later amendment, three sections of the township were zoned for industrial purposes. Business establishments could of course be built in the industrial zone.

Even though the plaintiffs have not been interfered with in the continuing of their business in the rebuilt shop, they are technically violating the ordinance and thus subjecting themselves to the possibility of being fined $100 a day while the violation continues. It was to eliminate this possible liability and to improve the marketability of the property that the plaintiffs brought this action to have the zoning ordinance declared invalid and unconstitutional.

The plaintiffs commenced their first action in September 1953, but it was dismissed in September 1954, upon their own motion. They then commenced the present action for the same cause the following day. The trial court found for the plaintiffs, holding that the zoning ordinance is an unreasonable, arbitrary, and capricious exercise of the police power, and that therefore the ordinance is unconstitutional. The trial court placed special emphasis on the facts that the plaintiffs' business was inoffensive and not a nuisance and that this is a rural rather than an urban community.

■ The first issue in this case is whether there is a justiciable controversy between the parties here so as to permit the bringing of a declaratory judgment action. It is clear from the record that the respondents are violating the terms of the ordinance. Mr. Connor destroyed his old shop and rebuilt it on a different portion of his land. Section 11(a) of the ordinance reads in part as follows:

"* * * nor shall any such non-conforming use be extended to occupy a greater area of land than that occupied by such use at the time of the adoption of this plan; * * *."

Section 11(f) provides that the owner of the building or land in or upon which a violation of the regulations has been committed is subject to a $100 fine for each day that the violation continues. The plaintiffs claim that the ordinance is wholly unconstitutional and invalid. They are entitled to know whether they are subject to this considerable fine, regardless of the fact that the town board told them that they could continue operating their rebuilt shop. State ex rel. Smith v. Haveland, 223 Minn. 89, 25 N. W. (2d) 474, 174 A. L. R. 544.

The township asserts that a declaratory judgment action was an incorrect method to raise the question brought up on this appeal. The claim is that the plaintiffs should have exhausted their administrative remedies by seeking a review by writ of certiorari of the town board's action in failing to grant a petition to rezone the plaintiffs' property. M. S. A. 555.01 provides in part:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

Section 555.02 provides:

"Any person * * * whose rights, status, or other legal relations are affected by a * * * municipal ordinance, * * * may have determined any question of construction or validity arising under the * * * ordinance, * * * and obtain a declaration of rights, status, or other legal relations thereunder."

In Montgomery v. Minneapolis Fire Dept. Relief Assn. 218 Minn. 27, 15 N. W. (2d) 122, this court quoted with approval from an article by Professor Borchard in 18 Minn. L. Rev. 239, stating that the general purpose of the Declaratory Judgments Act is to afford an *alternative* remedy which can be used whether or not further relief is or could be claimed. In a suit to test the validity of a municipal ordinance, this court held that a declaratory judgment action was proper, quoting with approval the following rule: "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Barron v. City of Minneapolis, 212 Minn. 566, 569, 4 N. W. (2d) 622, 624. We are presented here with a controversy as to legal rights which requires judicial interpretation and are of the view that the declaratory judgment action was an appropriate remedy. Notes 5 and 29 following § 555.01 in 36 M. S. A. pp. 58 and 64; Arens v. Village of Rogers, 240 Minn. 386, 61 N. W. (2d) 508.

■ The township claims that the dismissal in the first case brought by the Connors concerning the validity of the zoning ordinance was in effect a dismissal on the merits. This contention may be disposed of readily. Rule 41.01(2) of the Rules of Civil Procedure states in part: "Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." The order did not specify either that it was with or without prejudice, and so under Rule 41.01(2) it was a dismissal without prejudice and not a dismissal on the merits. 2 Youngquist & Blacik, Minnesota Rules Practice, p. 359.

■ The board of supervisors of a town in a county bordering on a county containing a city of the first, second, or third class is authorized by § 366.10 to submit to the voters of the town the question whether or not the board shall adopt zoning regulations. That procedure was followed here, and the voters of the township of Chanhassen so authorized the board.

"* * * Under its police power, the governing body of a village or municipality, in the interests of public health, safety, morals, or general welfare, may restrict an owner's use of his property for commercial or annoying occupations deemed undesirable to the community as a whole." State ex rel. Howard v. Village of Roseville, 244 Minn. 343, 347, 70 N. W. (2d) 404, 407.

See, also, State ex rel. Beery v. Houghton, 164 Minn. 146, 204 N. W. 569, 54 A. L. R. 1012, affirmed, 273 U. S. 671, 47 S. Ct. 474, 71 L. ed. 832.

"Insofar as zoning ordinances are concerned, it has frequently been held that what best furthers public welfare is a matter primarily for determination of the legislative body concerned * * *." State ex rel. Howard v. Village of Roseville, 244 Minn. 347, 70 N. W. (2d) 407.

See, also, Kiges v. City of St. Paul, 240 Minn. 522, 62 N. W. (2d) 363; State ex rel. Beery v. Houghton, *supra.*

This court held in State ex rel. Howard v. Village of Roseville, *supra,* that even when the reasonableness of the zoning ordinance is debatable, it is not the function of the courts to interfere with the discretion of the legislative body on such matters; if the regulation is not clearly unreasonable and arbitrary, and if it operates uniformly on all persons similarly situated in the particular district, which was not itself selected arbitrarily, it will be upheld. State v. Modern Box Makers, Inc. 217 Minn. 41, 13 N. W. (2d) 731.

In State ex rel. Beery v. Houghton the court said (164 Minn. 150, 204 N. W. 570):

"* * * With the crowding of population in the cities there is an active insistence upon the establishment of residential districts from

which annoying occupations and buildings undesirable to the community are excluded."

That case involved the validity of an ordinance of the city of Minneapolis which excluded four-family flat buildings from a designated district, but the statement quoted applies as well to the instant case. The township of Chanhassen, which has a population of 1,795, is largely argicultural and has numerous lakes. It is located on the edge of a large and expanding metropolitan area. The township government may well anticipate the effects of the inevitable overflow into its area, the first evidences of which are already apparent, and it may be expected to use the protective measures which §§ 366.10 to 366.18 provide to determine the future character of the area in a manner it deems will be in the best interests of the public welfare of the community. It was certainly within the discretion of the town board to determine that the township of Chanhassen is to remain a rural-residential community where its inhabitants may enjoy use or ownership of property free from the hazards of indiscriminate uses of land which might depreciate the value of surrounding property and impair its livability.

"* * * It is presumed that the legislative body investigated and found conditions such that the legislation which it enacted was appropriate." Dennis v. Village of Tonka Bay (8 Cir.) 156 F. (2d) 672, 674.

Merely because the town board provided in the original ordinance that the entire township was classified as farm-residential does not make the ordinance so arbitrary as to render the ordinance unconstitutional. A municipality on the periphery of a large metropolitan center may constitutionally pass a one-use ordinance in order to retain its residential character. Valley View Village v. Proffett (6 Cir.) 221 F. (2d) 412; Village of Old Westbury v. Foster, 193 Misc. 47, 48, 83 N. Y. S. (2d) 148, 150.

In sustaining the validity of a zoning ordinance, the United States Supreme Court in Village of Euclid v. Ambler Realty Co. 272 U. S. 365, 389, 47 S. Ct. 114, 118, 71 L. ed. 303, 311, 54 A. L. R. 1016, 1025, said:

"* * * Such laws may also find their justification in the fact that, in some fields, the bad fades into the good by such insensible degrees that the two are not capable of being readily distinguished and separated in terms of legislation. In the light of these considerations, we are not prepared to say that the end in view was not sufficient to justify the general rule of the ordinance, although some industries of an innocent character might fall within the proscribed class."

The power to declare a zoning ordinance unconstitutional should be exercised only when there is no reason whatsoever to support the determination of the legislative body or when the determination is clearly erroneous and such error appears from facts which cannot be controverted. City of Los Angeles v. Gage, 127 Cal. App. (2d) 442, 274 P. (2d) 34.

■ In support of the contention that the ordinance as adopted is unconstitutional, the plaintiffs assert that the regulations do not conform to § 366.14 which provides that the regulations "shall be made in accordance with the comprehensive plan." It is contended that the zoning of sections as commercial or business districts is necessary to establish comprehensive zoning. The plaintiffs point out that the industrial districts established by the amended ordinance created an area in the southern tier of sections not suitably located for business available to the use of residents in the township area.

The comprehensive plan, as far as the record in the case before us is concerned, is found in the zoning regulations themselves in light of the purpose of the regulations as expressed in § 366.14 which provides that the regulations shall promote the "health, morals, convenience, order, prosperity, or welfare of the present and future inhabitants of any such town, including * * * lessening congestion in streets or roads * * *; securing safety from fire and other dangers; * * * preventing, on the one hand, excessive concentration of population and, on the other hand, excessive and wasteful scattering of population or settlement;" with a view to facilitating and conserving "provisions for transportation, water flowage, water

supply, drainage, sanitation, educational opportunities, recreation, soil fertility, * * * and protection of both urban and non-urban development."

A comprehensive plan, as used in restrictive enactments relating to zoning ordinances, has been defined as "a general plan to control and direct the use and development of property in a municipality or a large part thereof by dividing it into districts according to the present and potential use of the properties." Miller v. Town Planning Comm. 142 Conn. 265, 269, 113 A. (2d) 504, 505. The reasonableness of a zoning regulation may depend upon the suitability of its particular provisions as applied to the character of the area involved. While the general purposes must relate to health, safety, morals, and general welfare of the community, its provisions may deal with the problem of conserving and encouraging the most appropriate use of the land throughout the community. Duffcon Concrete Products v. Borough of Cresskill, 1 N. J. 509, 64 A. (2d) 347, 9 A. L. R. (2d) 678.

It appears from an examination of the authorities as well as the language used in § 366.14 that the term "comprehensive zoning" does not necessarily mean a plan which makes allowances for the establishment of districts to be set aside for various commercial and professional purposes which provide a defined area with complete business and professional service. The term comprehends that the ordinance shall take the place of and include within its provisions the numerous ordinances which were formerly enacted independently and included such subjects as "Tenement House Codes," "Sanitary Codes," "Fire Zone" provisions, and parts of "Building Codes," as well as provisions with reference to codes relating to restrictions with reference to height, proportion of parcels that must be kept open, and unbuilt yard lines, etc. 1 Metzenbaum, Law of Zoning (2 ed.) p. 15.

The reasonableness of a zoning ordinance must be judged by the circumstances in each particular case. We cannot say that the ordinance here, which is designed to deal with an area that has its own character and its own particular problems and potentials, is unrea-

sonable. Village of Euclid v. Ambler Realty Co. 272 U. S. 365, 47 S. Ct. 114, 71 L. ed. 303, 54 A. L. R. 1016.

■ Section 11(a) of the ordinance provides that "the lawful use of any land or building existing at the time of the adoption of this plan may be continued, although such use does not conform to the regulations" and goes on to provide that no such nonconforming use "of land shall be enlarged or increased, nor shall any such nonconforming use be extended to occupy a greater area of land than that occupied by such use at the time of the adoption of this plan; nor shall any such non-conforming use be moved to any other part of the parcel of land upon which the same was conducted at the time of the adoption of this plan." This provision was apparently intended to comport with § 366.18 which provides that the regulation "shall not prohibit the continuance of the use of a building for any trade or industry for which such building was used at the time the resolution took effect or the alteration of or addition to any existing building or structure for the purpose of carrying on any prohibited trade or industry within the zone where such structures are located."

The plaintiffs had a vested right to the business conducted on the premises together with its goodwill. This vested interest exists as a right protected by U. S. Const. Amend. XIV; Minn. Const. art 1, § 7, independent of the regulations and statute above noted. The State of Minnesota has taken by eminent domain one-fourth of the one-acre tract on which the plaintiffs operated their business. The building in which the business was conducted was located in the condemned area. To continue their business the plaintiffs moved their operations to the remaining property, and the question arises as to whether or not they may be permitted to continue such business there in view of the fact that section 11(a) provides that the nonconforming use may not be moved to any other part of the parcel of land.

We are presented with the question as to whether the fortuitous exercise of the sovereign right of eminent domain may operate to bring into play the prohibition of section 11(a) of the ordinance so

as to deprive the plaintiffs of their vested interest in the use of the premises for the purpose of carrying on an established business. It is true the plaintiffs were compensated by the state for the property taken from them; but it does not follow that such compensation included the loss of their business with its goodwill. There is nothing in the record to warrant the assumption that the price paid for condemnation included as well the compensation to plaintiffs for the loss of the right to continue their business. "The state, on taking land for a public use, is not required to pay the owner for expense of removing his business to another place, or for damage from interruption of business and good will." 6 Dunnell, Dig. (3 ed.) § 3050; Banner Milling Co. v. State, 240 N. Y. 533, 148 N. E. 668, 41 A. L. R. 1019; Minneapolis-St. Paul Sanitary Dist. v. Fitzpatrick, 201 Minn. 442, 277 N. W. 394, 124 A. L. R. 897.

The sovereign right of eminent domain which authorizes the *taking* of property for public use also contemplates compensation for such taking. The police power, however, which is authority for the ordinance in question, operates in the interest of public welfare by *restricting* an individual in the use of his property with no provision for compensation for loss. State ex rel. Beery v. Houghton, 164 Minn. 146, 204 N. W. 569, 54 A. L. R. 1012.

In O'Connor v. City of Moscow, 69 Idaho 37, 202 P. (2d) 401, 9 A. L. R. (2d) 1031, the Supreme Court of Idaho considered a zoning ordinance which provided that a change of ownership of an existing type of business would be deemed a new or additional business which would deprive the purchaser of the right to continue to operate the property as a nonconforming use. The plaintiff who had been operating a business of the type, continuance of which after sale was proscribed by the ordinance, desired thereafter to sell his business and lease the premises in connection therewith, but was unable to do so because of the ordinance. He brought suit for declaratory judgment to have said provision of the ordinance declared invalid. It was held that that particular provision of the ordinance was an arbitrary and unreasonable exercise of the police power and

was an unconstitutional denial of due process of law. The court said (69 Idaho 41, 202 P. [2d] 403, 9 A. L. R. [2d] 1035):

"An ordinance which prohibits the continuation of existing lawful businesses within a zoned area is unconstitutional as taking property without due process of law and being an unreasonable exercise of the police power."

A right to conduct a business, together with the right to the goodwill thereof, is property within the due process clause of the constitution. See, 12 Am. Jur., Constitutional Law, §§ 651, 655; State v. Cowen, 231 Iowa 1117, 1123, 3 N. W. (2d) 176, 180.

This court has held that goodwill may be regarded as personal property incident to the business to which it is attached and may be a subject of substantial value because of the reasonable expectation of its continuance. 15 Dunnell, Dig. (3 ed.) § 7850; 8 Id. § 4045; Aldrich v. Wetmore, 52 Minn. 164, 172, 53 N. W. 1072, 1074; Johnson v. Bruzek, 142 Minn. 454, 172 N. W. 700; Haugen v. Sundseth, 106 Minn. 129, 118 N. W. 666. The police power, as expressed in an ordinance, is subordinate to the constitution which is the supreme law of the land. U. S. Const. art. I, § 10; Id. art. VI; Minn. Const. art. 1, § 7, 16 C. J. S., Constitutional Law, § 196; 12 C. J., Constitutional Law, § 440.

We think that section 11(a) of the ordinance insofar as its interpretation would deny the plaintiffs the right to continue the operation of their business on the remainder of their property constitutes an unreasonable police regulation restricting the right of use of the plaintiffs' property for business purposes contrary to the provisions of the constitution. 12 Am. Jur., Constitutional Law, §§ 652, 655; 16 C. J. S., Constitutional Law, § 196; see, also, State v. Chicago, M. & St. P. Ry. Co. 68 Minn. 381, 71 N. W. 400, 38 L. R. A. 672; U. S. Const. Amend. XIV; Minn. Const. art. 1, § 7.[1]

---

[1]This holding is consonant with State er rel. Howard v. Village of Roseville, *supra.* We are protecting here an existing nonconforming use. In the Howard case we held that after adoption of the ordinance a nonconforming use could not be extended or enlarged.

Nor can it be fairly argued that the plaintiffs might retain their business and goodwill by moving their operations to a location in the southern tier of sections in the township where such activity is permitted. The fixit-shop operated by the plaintiffs, which is a small mechanical repair shop given over principally to repair and servicing lawn mowers and appliances, is essentially a neighborhood business, the value of which depends upon its immediate location in the neighborhood where the customers reside.

■ Each case where the validity of a zoning provision is called into question must be determined on its own particular facts. Marblehead Land Co. v. City of Los Angeles (S. D. Cal.) 36 F. (2d) 242, affirmed (9 Cir.) 47 F. (2d) 528; Forbes v. Hubbard, 348 Ill. 166, 180 N. E. 767; Hitchman v. Township of Oakland, 329 Mich. 331, 45 N. W. (2d) 306.

We hold accordingly that where condemnation by the state results in the taking of a part of a small tract of land, which part included a building used in a business which was a nonconforming use under local ordinance, such intervening event of taking does not give effect to prohibition of the ordinance so as to deprive the owner of the right to continue the operation of such business on the remaining portion of the tract.

Judgment as to the constitutionality of the ordinance is reversed and modified so as to provide for judgment for the plaintiffs in accordance with this opinion.