EDMOND CADOUX *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF WESTON

HOUSE, C. J., THIM, RYAN, SHAPIRO and LOISELLE, Js.

Argued December 7, 1971—decided February 8, 1972

*Melvin J. Silverman,* with whom, on the brief, was *Max R. Lepofsky,* for the appellant (plaintiff).

*Robert M. Wechsler,* with whom were *Bernard Glazer* and, on the brief, *Harvey J. Rothberg,* for the appellee (defendant).

RYAN, J. On May 17, 1967, the plaintiff filed an application with the defendant commission for an amendment of the zoning regulations establishing a town shopping center district. The proposed amendment would authorize the use of property within the proposed district for stores and other buildings where goods are sold or service is rendered primarily at retail, business and professional offices, banks and other financial institutions, restaurants and other food service establishments where customers are served only when seated and within an enclosed building, including a food takeout service incidental to the primary permitted use. The application was denied and the plaintiff appealed to the Court of Common Pleas, where the appeal was dismissed. From the judgment rendered thereon he has appealed to this court.

The plaintiff's principal claim of error is that the zoning regulations of the town of Weston purport to bar from within the town the use of property for the conduct of ordinary commercial activities unless such activities consist of farming or can be consid-

ered customary home occupations. The plaintiff urges that since there is only one district for the entire town the regulations are illegal and arbitrary.

The zoning regulations of the town of Weston as amended to August 21, 1967, provide, in pertinent part, as follows: "Section 3—Districts. Inasmuch as existing commercial and industrial uses are adequate to serve the needs and public welfare of the Town of Weston, and a careful and comprehensive survey of the Town discloses no district within its boundaries which can be set aside for commercial or industrial uses without contravening one or more of the purposes of zoning as set forth in Chapter 43 of the General Statutes [now Chapter 124, Rev. 1958], the Town of Weston throughout its entire territorial extent is hereby designated as a residential and farming district." In § 4 of the regulations the following uses are permitted: A single-family dwelling house, offices of a physician, dentist, attorney-at-law, engineer, architect, teacher, artist, musician, writer, photographer, real estate agent, insurance agent, or accountant, or services rendered by a dressmaker, milliner, home cook, plumber, electrician, or home repair or serviceman. The use shall be located in the same building in which the resident occupants reside. It also permits the leasing of rooms and the taking of boarders by owner-occupants, farming, nursery gardening, truck gardening and the incidental display and sale of farm produce raised on the premises, removal from the premises of earth materials as part of a bona fide construction or grading operation, and certain special uses.

The testimony of a professional planner appearing at the public hearing on the application on behalf of the plaintiff indicated that the town of Weston is 19.9 square miles in area and has a population of

approximately 6700. Weston is a residential community and is so located that there is a general orientation of Weston residents toward the town of Westport, the southwestern region of Connecticut and the city of New York, for employment, shopping and other services. The town has been developed by the construction of single-family houses on lots of two or more acres. The town of Weston has no public water supply, sanitary sewers or public transportation. Its function in the southwestern region of Connecticut is that of a residential area for single-family homes in a rural Connecticut setting. A shopping center 6.2 acres in area is located in the town of Weston and is maintained there as a nonconforming use. The plaintiff is the owner of a parcel of land consisting of 4.183 acres which is adjacent to the existing shopping center. The shopping center district proposed by the plaintiff included the plaintiff's property as well as the existing shopping center. There is a house on the plaintiff's land.

The question raised by the plaintiff's principal assignment of error has been considered in other jurisdictions. "[T]here is no question as to the right of a municipality to establish a residence district from which all business and commerce may be excluded. The question arises as to the extent of that district. May such a district encompass the entire municipality, and may the municipality be so zoned that there is no permissible use except a residential use and such auxiliary uses as are customarily incidental thereto? . . . It is, in each case, a question of fact as to reasonableness which depends upon the needs of the community and the adaptability of property therein for residential use." 1 Rathkopf, Law of Zoning and Planning (3d Ed.), p. 14-8. In a leading case the court said: "Traditional con-

cepts of zoning envision a municipality as a self-contained community with its own residential, business and industrial areas. It is obvious that Valley View, Ohio, on the periphery of a large metropolitan center, is not such a self-contained community, but only an adventitious fragment of the economic and social whole. We cannot conclude as a matter of law that an ordinance which places all of the area of such a village into a residential district is *per se* arbitrary and unreasonable, with no substantial relation to the public health, safety, morals or general welfare. It would appear contrary to the very purposes of municipal planning to require a village such as Valley View to designate some of its area for business or industrial purposes without regard to the public need for business or industrial uses. The council of such a village should not be required to shut its eyes to the pattern of community life beyond the borders of the village itself. We think that it is not clearly arbitrary and unreasonable for a residential village to pass an ordinance preserving its residential character, so long as the business and industrial needs of its inhabitants are supplied by other accessible areas in the community at large." *Valley View Village, Inc.* v. *Proffett,* 221 F.2d 412, 418 (6th Cir.); see *Connor* v. *Township of Chanhassen,* 249 Minn. 205, 81 N.W.2d 789; *Old Westbury* v. *Foster,* 193 Misc. 47, 48, 83 N.Y.S.2d 148. The reasonableness of a zoning ordinance must be judged by the circumstances of each particular case. *Euclid* v. *Ambler Realty Co.,* 272 U.S. 365, 47 S. Ct. 114, 71 L. Ed. 303; note, 54 A.L.R. 1030.

The town of Weston is on the periphery of other larger metropolitan centers. The Weston shopping center, although its use is nonconforming under the present zoning regulations, contains the post office,

a service station, a food market, a dry cleaner, a package store, a hardware store, a hobby store, a real estate office, a drygoods store, a bank, a drugstore and a luncheonette. On these facts we cannot say that the defendant commission was unreasonable or that it failed to consider the needs of the community. We note also that among the reasons given by the defendant for the denial of the plaintiff's application was the finding that the "increased traffic would present a hazard in view of the width and curvature of the road and in its location opposite the entrance to schools and school bus garage." The trial court's ruling was correct.

As to the remaining assignments of error, an examination of the memorandum of decision of the trial court indicates that the claims of the plaintiff were thoroughly considered and correctly determined. No further discussion by this court is required.

There is no error.

In this opinion the other judges concurred.