# Town of Westford v. Ronald Kilburn and Linda Kilburn

[300 A.2d 523]

No. 120-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 6, 1973

*Eric A. Schuppin, Esq.*, Essex Junction, for Plaintiff.

*Langrock & Sperry*, Middlebury, for Defendants.

**Daley, J.** This action was commenced in the Chittenden County Court by the Town of Westford when it sought a preliminary and a permanent injunction restraining Ronald and Linda Kilburn from conducting barn dances for profit. The Town alleged the barn dances were a commercial activity, as it was defined by the Protective Zoning Ordinance of the Town of Westford, and as such, the barn dances were being conducted in violation of its zoning ordinance. The Kilburns, in their answer, denied they were in violation of the Town's zoning ordinance. In a counterclaim, filed with their answer, the Kilburns also sought declaratory relief to have the zoning ordinance declared invalid.

The facts, which were stipulated to by the parties, reveal the Kilburns obtained a permit in 1967 under the Protective Zoning Ordinance of the Town of Westford to construct a barn from which they would operate what is generally known as a stable business. In July of 1971, the Kilburns began to conduct barn dances at the barn on a not for profit basis as a means of drawing attention to their horse and stable business. An application made by the Kilburns to the Westford Zoning Board of Adjustment for a permit to conduct the dances was denied by the Board after a proper hearing. At the time this action was commenced, the Kilburns intended to change the nature of the operation of the dances from one conducted on a not for profit basis to one operated for profit. By stipulation the parties limited the issues to be passed upon by the lower court to the following propositions:

(1) Whether or not the Protective Zoning Ordinance of the Town of Westford, Vermont, is invalid *per se* because it does or does not comply with or conform to the Enabling Statutes in force at the time of its enactment on December 11, 1967.

(2) Whether or not the application to the Defendants of the Protective Zoning Ordinance of the Town of Westford is in whole or in part an unconstitutional deprivation of the Defendants' rights to the use of their real and/or personal property in the Town of Westford, Vermont.

Upon the facts and issues stipulated to by the parties, the court below found sections four and seven of the Protective Zoning Ordinance to be invalid and of no force and effect for their failure to comply with the provisions of the enabling statutes then in force. In addition, the court below found sections four and seven of the Protective Zoning Ordinance to be unconstitutional. Upon these findings the court below also dissolved the preliminary injunction, issued by stipulation of counsel, and denied the permanent injunction requested by the Town.

After the Town had received notice of the findings of fact and conclusions of law from the court below, it moved the court, pursuant to a motion filed under V.R.C.P. Rule 52(b), to make additional findings. This motion was not acted upon, and the judgment order was entered accordingly.

From the judgment order entered below, the Town of Westford has appealed to this Court for review.

In this appeal the Town contends that sections four and seven of the Protective Zoning Ordinance specify sufficient conditions and safeguards to insure that the Board of Adjustment is not acting arbitrarily when it acts upon a request for a special exception.

When the Board of Adjustment of the Town of Westford acts upon a special exception to its ordinance for a commercial use, it acts pursuant to section seven which provides:

"*BUSINESS, COMMERCIAL, INDUSTRIAL AND AGRICULTURAL USE:* Any business, commercial, industrial or agricultural use not in operation or under construction at the time this Ordinance becomes effective shall not be allowed until approved after due hearing by the Zoning Board of Adjustment, excepting only forestry undertakings, which may be done or engaged in without approval of the Zoning Board of Adjustment.

Notwithstanding any provisions of this Ordinance, no business, commercial, industrial or agricultural use, excepting forestry, shall be permitted without written consent of all property owners and leaseholders for a remaining term of five years, who own or lease land within

one thousand (1,000) feet of the property to be used for business, commercial, industrial or agricultural use."

In support of its contention that its ordinance has sufficient conditions and safeguards, the Town of Westford relies upon section four of its ordinance where the duty is delegated to the Board of Adjustment to hear and decide special exceptions, and it provides in part:

> "The Board of Adjustment shall be subject always to the rule that it shall give due consideration to promoting the public health, safety, convenience and welfare of the inhabitants of the town of Westford, encouraging the most appropriate use of land and protecting and conserving property value, that it shall permit no building or use injurious, obnoxious, offensive or detrimental to a neighborhood and that it shall prescribe appropriate conditions and safeguards in each case."

The conditions and safeguards found in section four of the Town of Westford's ordinance are those references to the "health, safety, convenience and welfare of the inhabitants of the Town of Westford." Those references are of a general nature; however, the Town contends they are sufficient, and in support of this contention relies heavily upon *Ward* v. *Scott,* 11 N.J. 117, 93 A.2d 385 (1952).

A municipality has zoning authority to act only in accordance with, and subject to, the terms and conditions imposed by the state in the enabling act authorizing the grant of power. *Flanders Lumber & Building Supply Co., Inc.* v. *Town of Milton,* 128 Vt. 38, 45, 258 A.2d 804 (1969). The enabling act, pursuant to which the Town enacted the zoning ordinance now before us, is located at 24 V.S.A. Chapter 67. This enabling act has since been repealed by 24 V.S.A. Chapter 91; however, through a savings clause any ordinance enacted pursuant to 24 V.S.A. Chapter 67 remains in effect for a period of five years from March 23, 1968. 24 V.S.A. § 4491. See generally *L. M. Pike and Son, Inc.* v. *Town of Waterford,* 130 Vt. 432, 296 A.2d 262 (1972).

The grant of power authorizing the Board of Adjustment to hear and decide requests for special exceptions is found in 24 V.S.A. § 3020(2). This grant of power is then made subject to the terms and conditions of 24 V.S.A. § 3014, which provides as follows:

> "Such legislative body shall provide for the appointment of a board of adjustment, and in regulations and restrictions adopted pursuant to the authority hereof, shall provide, in appropriate cases and subject to appropriate conditions and safeguards, that the board may make special exceptions to the terms of the ordinance in harmony with its general purpose and intent and in accordance with general or specific rules therein contained."

Thus, the crucial question then becomes whether the references in section four of the ordinance to the "health, safety, convenience, and welfare of the inhabitants of the Town of Westford" are adequate standards to meet the mandate of 24 V.S.A. § 3014 wherein it provides special exceptions are to be made "in appropriate cases and subject to appropriate conditions and safeguards."

The purpose of 24 V.S.A. § 3014 is to delegate to the Board of Adjustment the authority to exercise discretion in the administration of the zoning ordinance. When the Board of Adjustment exercises this discretion, guiding standards assure all parties concerned it has been exercised in a proper manner. When no such guiding standards are spelled out by the legislative body, the door is opened to the exercise of this discretion in an arbitrary or discriminatory fashion. As a consequence of a failure of a legislative body to spell out guiding standards, the applicant for a permit is left uncertain as to what factors are to be considered by the Board of Adjustment.

Just how far a zoning ordinance must go in setting forth guiding standards for decisions of the Board of Adjustment is one where there is little unanimity in the cases. 2 A. Rathkopf, the Law of Zoning and Planning, ch. 54 § 3 (3d ed. 1972); Annot., 58 A.L.R.2d 1083 (1958). On one hand the standards

governing the delegation of such authority should be general enough to avoid inflexible results, yet on the other hand they should not leave the door open to unbridled discrimination.

Other courts when presented with the adequacy of standards similar to those in the Town of Westford's ordinance have found them to be invalid for their failure to provide adequate guidance. In *Waterville Hotel Corp.* v. *Board of Zoning Appeals,* 241 A.2d 50 (Maine 1968), the applicant seemingly met the requirements for a permit for a filling station, yet the permit was denied by the Board. In its discussion of why the ordinance was invalid, the court stated:

> "While the plaintiff's use of its land is subject to reasonable regulation by the City in the exercise of its police power, such regulation must be in accordance with a proper rule or standard which must be applied alike to all persons similarly situated. The failure to spell out standards reduces the property owner to a state of total uncertainty and amounts to depriving him of the use of his property." *Waterville Hotel Corp.* v. *Board of Zoning Appeals, supra,* 241 A.2d at 53.

A set of standards similar to those now before us were struck down in *State ex rel. Humble* v. *Wahner,* 25 Wis.2d 1, 130 N.W.2d 304, 309 (1964), with the court commenting "both the board and Humble 'were at sea without chart, rudder, or compass' and this was bound to create a situation in which the board could do just as it pleased."

In *Ward* v. *Scott, supra,* the case relied upon by the Town of Westford, the court upheld an ordinance containing similar guiding standards to those now before us. However, the New Jersey enabling statute then in effect is different from 24 V.S.A. § 3014 in that in New Jersey the zoning board merely recommends to the town council the variance be granted. Under 24 V.S.A. § 3014, the Board of Adjustment has full authority to grant or refuse applications for permits. For this reason, *Ward* v. *Scott, supra,* is not applicable.

Because sections four and seven of the Protective Zoning Ordinance of the Town of Westford fail to prescribe appropriate conditions and safeguards to be followed in appropri-

ate cases as they are required to, they must be found invalid for their failure to comply with 24 V.S.A. § 3014.

The court below also found the second part of section seven of the Protective Zoning Ordinance of the Town of Westford to be invalid as being an unlawful delegation of power. This part of the ordinance requires the written consent of all property owners and leaseholders within 1,000 feet of applicant's property before the Board of Adjustment grants a special exception. The issue raised by this finding is even more critical than the previous issue, for here there are no standards to govern the actions of the parties to whom the town has delegated the power to authorize a special exception.

■■ The grant of power authorizing special exceptions is located in 24 V.S.A. § 3014 and § 3020 of the enabling act. Because zoning ordinances are in derogation of common law property rights, they are strictly construed. *City of Rutland* v. *Keiffer,* 124 Vt. 357, 360, 205 A.2d 400 (1964). When one views the second paragraph of section seven of the Town of Westford's ordinance in light of the pertinent enabling sections, it becomes readily apparent the entire authority to grant special exceptions rests with the Board of Adjustment. Nowhere in the enabling act is this authority delegated to adjacent property owners. Moreover, the delegation of authority by the Town of Westford to the adjacent property owners carries with it no standards to govern its use. *Marta* v. *Sullivan,* 248 A.2d 608, 609–11 (Del. 1968) ; *State ex rel. Foster* v. *Minneapolis,* 255 Minn. 249, 252–53, 97 N.W.2d 273 (1959) ; Annot., 21 A.L.R.2d 551 (1952). This part of the Town of Westford's ordinance must also fail for its failure to comply with the provisions of the enabling act.

In addition to finding the first paragraph of section seven of the Town's ordinance invalid for the previously mentioned reasons, the court below also found that portion of the ordinance invalid for its failure to contain an overall plan which secured reasonable neighborhood uniformity. That portion of the ordinance created a single district throughout the entire town; however, it also allowed business, commercial, industrial and agricultural uses as special exceptions.

Although the enabling act, then in effect, would tend to indicate districting is required, the wording of that portion of 24 V.S.A. § 3002 is not entirely clear. It is fundamental that a zoning scheme shall be for the public good. *DeWitt* v. *Brattleboro Zoning Board of Adjustment*, 128 Vt. 313, 319, 262 A.2d 472 (1970). In the absence of a clear mandate that districting be required, reasonable neighborhood uniformity may be created through a single district, if the needs of the community warrant it. *Cadoux* v. *Planning and Zoning Commission of the Town of Weston*, 162 Conn. 425, 294 A.2d 582, 583, *cert. denied*, 92 S.Ct. 2496 (1972); *Valley View Village* v. *Proffett*, 221 F.2d 412 (6th Cir. 1955). Thus, the first paragraph of section seven may not also be found invalid for its failure to secure reasonable neighborhood uniformity.

The Town next argues the lower court should have found all those facts stipulated to by the parties. However, the Town has not shown how it was prejudiced by the trial court's failure to find all the facts. Prejudice must be shown by the party claiming it. *Brunelle* v. *Coffey*, 128 Vt. 367, 369, 264 A.2d 782 (1970).

By reason of the foregoing, we need not reach the other arguments raised by the Town.

*Affirmed.*