[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Darryl and Nancy Zarembski want to prevent the Town of Easton from enforcing a zoning regulation which bars Darryl Zarembski's parents from occupying an accessory building located on the same lot as the younger Zarembskis' residence. The Zarembskis claim the regulation violates the equal protection clauses of the State and Federal Constitutions. They seek a declaratory judgment that the restriction is unenforceable, an injunction preventing the defendants from enforcing the restriction, and a writ of mandamus directing the zoning enforcement officer to issue a certificate of zoning compliance.
The defendants are the Planning and Zoning Commission of the Town of Easton, the Zoning Enforcement Officer, and the Building Inspector. They contend the challenged regulation is a proper exercise of the Town's police power. They claim the plaintiffs do not qualify for a permit under the regulation even if the plaintiffs' constitutional challenge is successful. They CT Page 4212 further claim the plaintiffs have failed to pursue alternative remedies available to them under the Easton Zoning Regulations. Because I have concluded the defendants' contentions are correct, I have denied the requested relief.
The regulation which the plaintiffs' attack is Paragraph 4.2.9 of Article IV of the Zoning Regulations of the Town of Easton. This regulation allows persons under certain circumstances to use an accessory building as a residence. The regulation is limited in application to accessory buildings which are located along with a principle residence on a lot of not less than ten acres. The regulation permits up to three persons to use an accessory building as a residence if the persons are employed full time by the principle resident in positions customarily related to the residential use of the principle residence. The regulation further provides "that members of the family of the current occupant of the principle residence shall not occupy the accessory building as full time employees."
Darryl and Nancy Zarembski applied for permission to erect a caretaker home on their premises. When they applied, they were aware of the restriction relating to a family member residing in an accessory building. On their application, they represented to the town officials that two persons who were not related to the Zarembskis would occupy the accessory building as caretakers. After the caretaker home was finished, Darryl's parents, Stanley and Beverly Zarembski, occupied the building.
When the building inspector and zoning enforcement officer learned that Stanley and Beverly Zarembski were using the accessory building as their residence, they refused to issue a certificate of occupancy and zoning compliance. The plaintiffs unsuccessfully applied to the zoning board of appeals for a variance of Paragraph 4.2.9 of Article IV. On January 11, 1989, the zoning enforcement officer issued a cease and desist order. This lawsuit was thereafter commenced by the plaintiffs.
The plaintiffs, Darryl and Nancy Zarembski, claim that Darryl's father, Stanley, qualifies as a full time employee of the plaintiffs. They further claim that the restriction on family members occupying accessory buildings is illegal and that they are therefore entitled to an accessory use permit. The evidence shows that Stanley Zarembski is not employed full time by the younger Zarembskis. He commutes five days a week to Stamford where he manages his tree and landscaping business. He returns home early and spends approximately three hours a day caring for the Easton property. Except for free rent, he is not paid for his caretaking services. Beverly Zarembski is employed five days a week in Stamford. Neither parent is employed full CT Page 4213 time on the Easton premises. Because neither parent is employed full time on the premises, the plaintiffs have failed to prove that they qualify under 4.2.9 for an accessory permit. While this evidentiary failure is dispositive of their request for court relief, I will address their constitutional challenge.
The plaintiffs claim that the regulation is partially invalid on the grounds it creates an arbitrary classification between persons who are related to the owner of a principle residence and persons who are not related. They contend the distinction is not rationally related to the public health, safety, morals or general welfare. The standard which this court must apply in determining the constitutional validity of the ordinance is the rational basis test. Zapata v. Burns,207 Conn. 496, 507 (1988). "The court's function under this test is to decide whether the classification and disparate treatment inherent in [an ordinance] bear a rational relationship to a legitimate [governmental] end and are based on reasons related to the accomplishment of that goal." Id. at 507. Where a legislative enactment serves a public purpose, the legislative body may constitutionally differentiate between classes of people, so long as the classification bears a rational relationship to the public purpose sought to be served. Beccia v. Waterbury, 192 Conn. 127, 134 (1984).
The challenged regulation satisfies the rational basis test. An important factor in the town's overall zoning plan is the division of the town into districts limited to single family residences. Phillip Luckart, a member of the Planning Zoning Commission, testified that the purpose of 4.2.9 is to preserve the agricultural heritage of the town and to preserve the residential quality of the town as evidenced by a single residence per single lot. This objective is legal and is proper for the Town, which does not have a public water supply, sanitary sewers, or public transportation. The goal of a single-family residential neighborhood is a legitimate objective of the zoning plan. Cadoux v. Planning Zoning Commission,162 Conn. 425 (1972). Under the regulation, owners of large lots may continue to maintain them as single family lots and yet have living facilities on the lot for non-related persons who are employed in full-time positions relating to the residential use of the principle residence. The regulation bears a rational relationship to a legitimate governmental end.
It is noteworthy that the overall zoning plan of Easton provides for elderly parents who desire to live with their children. Section 2.7 of the Zoning Regulations allows parents to live in the principle residence. Section 4.2.10 allows parents to build an apartment onto their children's residence. CT Page 4214
The defendants also point out that the plaintiffs have not pursued other administrative remedies which are available to them under the Easton Zoning Plan. This fact alone is fatal to the plaintiffs' constitutional challenge. The plaintiffs own a ten acre lot in a district which is zoned for three acre lots. The evidence indicates that the property can potentially be approved for three lots. The evidence also indicates that the plaintiffs' lot can presently be divided into two lots without the plaintiffs' having to obtain subdivision approval. One lot would be for the parents' home. The other for the children's home. Since the plaintiffs have not attempted to gain permission to subdivide their property, they have failed to show a denial of their constitutional rights. See Husti v. Zuckerman Property Enterprises, Ltd., 199 Conn. 575, 590 (1986). Until the plaintiffs have exhausted the administrative remedies available to them under the Easton Zoning Regulations, they cannot claim the Town has denied them their right to equal protection.
To summarize, I have concluded the plaintiffs have failed to show the elder Zarembskis are full time employees of the plaintiffs. Hence, the plaintiffs do not qualify for an accessory permit. I have concluded the restriction on family members occupying accessory buildings is rationally related to a legitimate goal of the Easton Zoning Plan and is therefore valid. As an alternative basis for the court's decision, I conclude the plaintiffs have failed to show a denial of their constitutional rights because they have not exhausted the administrative remedies available to them under the Zoning Laws.
Judgment for the defendants.
THIM, JUDGE