## STATE OF VERMONT
## SUPERIOR COURT - ENVIRONMENTAL DIVISION

| | } | |
|---|---|---|
| **Crandall & Stearns Waiver and Deck Application** | } | **Docket No. 134-9-11 Vtec** |
| | } | |

### Decision on the Merits

The legal question presented in this appeal is whether Roger and Gabrielle Crandall and David and Virginia Stearns (Appellants), the owners of 1106 Lake Morey Road in the Town of Fairlee, Vermont (Town), are entitled to add a small deck on the lake side of their rebuilt, pre-existing, nonconforming, accessory structure. Due to the accessory structure's location in proximity to Lake Morey Road, the Town of Fairlee Development Review Board (the DRB) concluded that the northwest corner of the deck encroaches into a setback from Lake Morey Road as established by Town of Fairlee Zoning Regulations (the Regulations) § 3.3(D)(3). Appellants sought a waiver of the setback pursuant to the Town's Waiver Ordinance, which the DRB denied. The DRB's denial of the deck, and of the request for a waiver, resulted in the present appeal.

The Court conducted a site visit on the morning of the October 29, 2012 merits hearing. The hearing was held at the Vermont Superior Court, Orange Civil Division, Chelsea, Vermont. Mr. Roger Crandall and his lawyer, Christopher D. Roy, Esq., appeared at the site visit and trial. DRB Chair Mr. David Fracht and the Town's lawyer, Paul Gillies, Esq., were also present at the site visit and trial. Appellants' architect, Mr. John Vansant, AIA, and the Town's Special Clerk to the Town's Administrative Officer, Christopher Brimmer, both attended the site visit and participated as witnesses in the merits hearing.

Based upon the evidence presented at trial, including that which was put into context by the site visit, the Court renders the following Findings of Fact and Conclusions of Law.

### Findings of Fact

1. The subject property, located at 1106 Lake Morey Road in the Town of Fairlee, Vermont (the Property) is owned by Roger and Gabrielle Crandall and David and Virginia Stearns.

2. Mr. Crandall has a long history with Lake Morey, as he and his family spent the summers since he was one year old at the adjacent seasonal dwelling to the south of the Property. Mr. Crandall often visited the Property, which was formerly owned by a Mrs. Russell. Appellants purchased the Property from Mrs. Russell in 2004.

1

3. The 0.41 acre Property is situated between Lake Morey and Lake Morey Road, a public road.

4. The Property is served by Town water but has on-site septic.

5. The Property is located in the Lakeshore District (LS) as defined and regulated by Regulations § 3.3.

6. The Building Setback for the LS District is defined, in part, as the distance measured from the centerline of Lake Morey Road to the front portion of the closest building. The Building Setback minimum in the LS District is 65 feet.

7. Neither Appellants nor the Town confirmed the exact location of the centerline of Lake Morey Road. Appellants used the center of the asphalt pavement as the reference to measure the Building Setback.

8. The Property has two structures, a primary seasonal dwelling and a detached accessory structure. The originals of both of these structures pre-dated the Regulations.

9. The primary seasonal dwelling, not at issue in this case, consists of approximately 1,500 square feet of enclosed living space and approximately 990 square feet of porches.

10. The Property also formerly included a two story accessory structure measuring 24 feet by 24 feet, of which approximately 575 square feet served as a garage. Below the garage, the structure included a roughly 384 square foot guest apartment used as overflow sleeping quarters. This accessory structure pre-existed the Regulations and did not comply with the Building Setback minimum for the LS district, as the front portion of the structure was located closer than 65 feet to the centerline of Lake Morey Road.

11. On or about June 11, 2010, Appellants filed an application with the Town to alter and enlarge the original pre-existing nonconforming accessory structure. Appellants had recently razed the accessory structure in order to gain access for septic system improvements. Appellants' 2010 application requested approval of a 2.5 story structure having a footprint of 24 feet 3 inches by 36 feet, plus an attached three level deck/porch area facing the lake having a footprint of 24 feet 3 inches by 10 feet.

12. In an August 3, 2010 decision, the DRB approved the proposed 2.5 story replacement accessory structure, expressly prohibited any kitchen facilities, and expressly did not approve the proposed three level deck/porch. The DRB decision was not appealed.

2

13. As the replacement accessory structure was being constructed, Appellants installed a single level cantilevered steel deck frame on the lake side of the replacement accessory structure.

14. The deck's cantilevered design, proposed construction materials, and proposed cable railing reduce its visual impact.

15. With foliage on trees, there would be limited and minimal views of the deck from the lake or from across the lake. As one travels south on Lake Morey Road, the deck would be within view; however, the deck would not be visible as one travels north. Neighboring properties would have minimal views of the deck.

16. After the deck frame was constructed, but before the deck was completed, the Town Zoning Administrator issued to Appellants a notice of violation for commencing construction of a deck without a permit.

17. Appellants thereafter, on June 7, 2011, filed an application for a zoning/building permit for the deck. Appellants proposed a single story, 220 square foot uncovered deck located at the main floor level of the accessory structure, facing the lake. The proposed deck is one foot thick, and would be constructed of wood and steel. The deck includes a 36 inch high cable railing for safety. The railing has a one inch thick wood cap. The deck is cantilevered from the structure's foundation using demountable Cor-Ten steel channels, so that no support posts are required.

18. The deck extends 9 feet 2 inches out from the accessory structure in a southeast direction for the entire width of the structure. The northwest corner of the deck (northeast corner of the accessory structure) is located less than 65 feet from the centerline of the paved portion of Lake Morey Road. According to Appellants, the part of the deck within 65 feet of the centerline of the paved portion of Lake Morey Road is a triangular section that is 12 to 24 inches along the north side of the deck and tapers to zero inches along the east side of the deck where it adjoins the accessory structure.

19. On July 18, 2011, during the 2011 Town review of the deck permit application, Appellants supplemented their application by additionally seeking a waiver of the Building Setback to reduce the setback from 65 feet to 63 feet in the area of the northeast corner of the permitted replacement accessory structure.

20. In an August 23 2011 decision, the DRB denied approval of the deck and denied the application for a waiver. Appellants timely appealed that decision to this Court.

21.     The Regulations were adopted in 1978 and last amended in 1998.  Since 1998, the Town has adopted a Waiver Ordinance, which as of September 2011 is considered a part of the Regulations.

**Conclusions of Law**

In the appeal now before us, the parties do not dispute that Appellants propose to attach the subject deck to a nonconforming structure.  The parties' legal dispute instead centers on whether the lake side deck, proposed for the previously permitted rebuilt, nonconforming accessory structure, encroaches into the setback from Lake Morey Road, and if it does, whether the deck satisfies the Waiver Ordinance, which is considered part of the Regulations.

Regulation of nonconforming structures is governed by 24 V.S.A. § 4412(7), which states that a municipality's bylaws shall define how nonconformities will be addressed, including standards for nonconforming uses, nonconforming structures, and nonconforming lots.  This statute authorizes municipalities to regulate and prohibit expansion and undue perpetuation of nonconformities, by, among other controls, specifying the extent to which, and circumstances under which, a nonconformity may change or expand.  24 V.S.A. § 4412(7)(A)(iii).  The statute does not command any particular type or method of regulation.  Thus, we must look to the Regulations to understand how the Town specifically implements this power.

At the outset, we acknowledge that the accessory structure is nonconforming as follows.  The Definitions section of the Regulations defines "Setback" as:

> [s]pace on a lot not occupied with a building.  Porches, whether enclosed or unenclosed, shall be considered as part of the main building and shall not project into the required setback.

Regulations Article VI.  This setback definition is fairly typical of municipal bylaws.  Unique to the Town, the Regulations also contain a more specifically defined term, "Building Setback," defined as:

> [t]he distance measured from the centerline of a permanent right-of-way or public road <u>to the front portion of a building closest to said centerline</u>.  Such distance shall include porches, whether enclosed or unenclosed but does not include steps.

Regulations Article VI (emphasis added).  The Regulations establish several setbacks within the Lakeshore District, including the Building Setback Minimum at issue in this appeal, which is 65

4

feet from the center of the adjoining highway right-of-way.[1]  Regulations § 3.3(D)(3).  Because the front portion of the accessory building is located within 65 feet of the centerline of Lake Morey Road, it encroaches into the Building Setback; thus, the accessory building is nonconforming with respect to the Lakeshore District Building Setback.

Both parties agree that the nonconforming accessory structure predates the Regulations, which makes the structure a pre-existing, nonconforming structure.  The deck is a proposed modification to the nonconforming structure, so we next review how the Regulations control modifications to nonconforming structures.

Regulations § 4.7, entitled "Nonconforming Uses and Structures," allows a nonconforming structure to be altered, enlarged, or expanded (1) if the change does not increase the degree of nonconformity, and (2) upon approval of the Board of Adjustment (BOA).  Regulations § 4.7(A) & (D).  Because the Regulations define "Building Setback" as the distance from the front portion of the accessory structure to the center line of Lake Morey Road, the deck would only increase the degree of nonconformity of the accessory structure if the deck further reduced the distance of the front portion of the structure to the road.  The deck is proposed on the lake side of the accessory structure, not on the front portion of the building closest to Lake Morey Road.  Thus, the deck is not closer to Lake Morey Road than the front portion of the existing accessory structure, and the deck does nothing to modify the distance between the existing front portion of the accessory structure and the centerline of Lake Morey Road.  As such, the deck does not increase the degree of nonconformity of the accessory structure with respect to the Building Setback.

The Town asserts that the Regulations require alterations, enlargements, or expansions of a nonconforming use or structure to also obtain the approval of the BOA.  Unfortunately, the Regulations do not set out any standards for the BOA to consider when evaluating a request to alter, enlarge, or expand a nonconformity.  "Absent any criteria or guidelines, 'the applicant for a permit is left uncertain as to what factors are to be considered.'"  In re Miserocchi, 170 Vt. 320, 325 (2000) (quoting Town of Westford v. Kilburn, 131 Vt. 120, 124, (1973)).  A decision arrived at without reference to any standards or principles is arbitrary and capricious and denies an applicant due process of law.  Id. (internal citations omitted).  To avoid any due process

---

[1]  No other setback within the Lakeshore District prohibits the deck.  A separate paragraph within Regulations § 4.4 does state that "[a]ll new buildings or additions shall have a setback of at least 65 feet from the centerline of a right-of-way."  We interpret this provision as referring back to the Building Setback requirement, however, rather than creating an additional setback requirement.

concerns, we construe Regulations § 4.7 to require the BOA to review whether the proposed alteration, enlargement, or expansion increases the degree of nonconformity, and if it does not, then the BOA must approve the change without further evaluation.

Lastly, we find the Town's argument that the deck permit should be denied because it increases the intensity of the accessory structure's use to be unpersuasive. It seems that the Town confuses dimensional nonconformity with use nonconformity. Here, the use is an accessory to a seasonal residence: a permitted use on the property. Nothing in the Regulations forbids an increase in the intensity of a permitted use.

To the extent that the Town argues that the addition of the deck would change the categorization of the accessory unit entirely, we are likewise not persuaded. The deck will not so increase the intensity of its use such that the unit will become an impermissible second primary structure. The deck will not provide kitchen facilities, sleeping quarters, or otherwise affect the use of the accessory structure so substantially as to transform it into a second primary structure. Furthermore, the Regulations do not prohibit an increase in the intensity of a permitted use within a structure that is merely dimensionally nonconforming. Absent such a limitation in the Regulations, we will not create one to the detriment of the landowner. See In re Weeks, 167 Vt. 551, 554–555 (1998) (internal citations omitted) (interpreting zoning regulations under general rules of statutory construction; courts are bound by the plain and ordinary meaning of the language unless it is uncertain, and because land use regulation is in derogation of the common law, any ambiguity is resolved in favor of the landowner).

We therefore conclude that because the proposed deck does not increase the degree of nonconformity, the deck complies with the Regulations and does not require a waiver.

Appellants filed a post-trial motion to reopen the evidence in this matter and the Town filed a response in opposition to the motion. Appellants' motion asks that the evidence be re-opened to further consider the DRB's prior granting of waivers for expansions of nonconforming structures within the setbacks in the Lakeshore District. As our Decision today concludes that the deck is compliant with the Regulations without a waiver of setbacks, we deny Appellants' motion as moot.

## Conclusion

For the reasons discussed above, we conclude that Appellants' deck does not increase the nonconformity of the pre-existing nonconforming accessory structure. Consequently,

Appellants' application for approval of the deck is approved.  We also deny Appellants' post-trial motion to reopen the evidence.

This matter is remanded to the Town's Zoning Administrator for the ministerial act of issuing a building permit consistent with this Decision.  A Judgment Order accompanies this Decision.  This completes the current proceedings before this Court.

Done at Berlin, Vermont, this 12th day of March 2013.


_____

Thomas G. Walsh, Environmental Judge